T.C. Memo. 1998-75

UNITED STATES TAX COURT

EDWARD W. AND VIRGINIA K. REIHER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16449-96.                    Filed February 23, 1998.

Virginia K. Reiher, pro se.

<u>Mark A. Weiner</u>, and <u>Steven M. Roth</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case is before the Court fully
stipulated.  See Rule 122.  Edward W. and Virginia K. Reiher
petitioned the Court on July 30, 1996, to redetermine
respondent's determination of a $37,556 deficiency in their 1992
Federal income tax.  Following concessions by petitioners, the

only remaining issue is whether section 104(a)(2) allows them to exclude from their gross income $149,990 of settlement proceeds received from State Farm Insurance Co. (State Farm). We hold it does not. Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioners resided in Ventura, California, when they petitioned the Court. They filed a 1992 Form 1040, U.S. Individual Income Tax Return, using the filing status of "Married filing joint return".

Mrs. Reiher was a claimant in the class action lawsuit (the Lawsuit) entitled Kraszewski, et al. v. State Farm Gen. Ins. Co. The Lawsuit was filed against State Farm in the U.S. District Court for the Northern District of California on June 1, 1979, on behalf of a class of women who alleged that State Farm had engaged in sex discrimination during the recruitment, hiring, and training of women for insurance sales agent positions within California, in violation of Title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 241.

On April 29, 1985, the District Court ruled that State Farm was liable for gender discrimination. See Kraszewski v. State Farm Gen. Ins. Co., 38 Fair Empl. Prac. Cas. (BNA) 197 (N.D. Cal.

1985), affd. 912 F.2d 1182 (9th Cir. 1990). The District Court found that women who attempted to become State Farm trainee agents were "lied to, misinformed, and discouraged in their efforts to attain the entry level sales position."

In 1992, State Farm issued Mrs. Reiher and her attorney a check for $149,990 to release her claims against State Farm. Mrs. Reiher's attorney received $37,841 of this amount, and she received the rest. Mrs. Reiher did not report any of the $149,990 amount on petitioners' 1992 tax return.

On May 2, 1996, respondent issued petitioners a notice of deficiency for 1992. The notice stated that the $149,990 amount was taxable income to them. The notice also stated that petitioners could deduct the $37,841 payment as a miscellaneous itemized deduction subject to the 2-percent floor of section 67.

## Discussion

The instant case requires the Court to revisit the taxability of the proceeds received by a claimant who was a member of the class of plaintiffs in Kraszewski v. State Farm Gen. Ins. Co. In each of our prior cases, we held that none of the proceeds were excludable from the petitioning taxpayer's gross income. See Easter v. Commissioner, T.C. Memo. 1998-8; Brewer v. Commissioner, T.C. Memo. 1997-542; Gillette v. Commissioner, T.C. Memo. 1997-301; Hayes v. Commissioner, T.C. Memo. 1997-213; Hardin v. Commissioner, T.C. Memo. 1997-202; Raney v. Commissioner, T.C. Memo. 1997-200; Clark v.

<u>Commissioner</u>, T.C. Memo. 1997-156; <u>Berst v. Commissioner</u>, T.C. Memo. 1997-137; <u>Martinez v. Commissioner</u>, T.C. Memo. 1997-126; <u>Fredrickson v. Commissioner</u>, T.C. Memo. 1997-125.  We hold similarly today.  Petitioner has presented no new arguments which would change our view on the instant issue, and we continue to adhere to our view as espoused in those memorandum opinions for the reasons stated therein.

    To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.