T.C. Memo. 1998-140


UNITED STATES TAX COURT


WILLIAM JOSEPH AND ROBIN B. WESTMILLER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19591-96.                    Filed April 15, 1998.


William Joseph Westmiller and Robin B. Westmiller, pro sese.

Mark A. Weiner, for respondent.


MEMORANDUM OPINION


LARO, Judge: This case is before the Court fully stipulated. See Rule 122. William Joseph and Robin B. Westmiller petitioned the Court to redetermine respondent's determination of a $72,022 deficiency in their 1992 Federal income tax. Following concessions by the parties, the only

remaining issue is whether section 104(a)(2) allows petitioners to exclude from their gross income $283,117 of settlement proceeds received from State Farm Insurance Company (State Farm). We hold it does not. Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded.

### Background

All facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioners resided in Thousand Oaks, California, when they petitioned the Court. They are husband and wife, and they filed a 1992 Form 1040, U.S. Individual Income Tax Return, using the filing status of "Married filing joint return".

Ms. Westmiller was a claimant in the class action lawsuit (the Lawsuit) entitled Kraszewski, et al. v. State Farm Gen. Ins. Co.. The Lawsuit was filed against State Farm in the U.S. District Court for the Northern District of California on June 1, 1979, on behalf of a class of women who alleged that State Farm had engaged in sex discrimination during the recruitment, hiring, and training of women for insurance sales agent positions within California, in violation of title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 241, 253.

On April 29, 1985, the District Court ruled that State Farm was liable for gender discrimination. See Kraszewski v. State Farm Gen. Ins. Co., 38 Fair Empl. Prac. Cas. (BNA) 197 (N.D. Cal. 1985), affd. in part, revd. in part and remanded 912 F.2d 1182 (9th Cir. 1990). The District Court found that women who attempted to become State Farm trainee agents were "lied to, misinformed, and discouraged in their efforts to obtain the entry level sales position."

On April 17, 1992, State Farm issued a check payable to Ms. Westmiller and her attorneys in the amount of $283,395, and State Farm withheld another $148 for State and Federal income taxes, in settlement of Ms. Westmiller's claims in the Lawsuit. Ms. Westmiller's attorneys kept $57,702 of the amount stated in the check, and Ms. Westmiller received the rest. Petitioners did not include any of the $283,395 amount in their 1992 gross income, stating on their 1992 tax return that section 104(a)(2) allows them to exclude from gross income any amount received from State Farm in connection with the Lawsuit.

On June 3, 1996, respondent issued petitioners a notice of deficiency for 1992. The notice states that petitioners received $283,117[1] in settlement of the Lawsuit, and that this amount is taxable to them. The notice also states that petitioners may

---

[1] The record does not disclose why respondent attempts to tax only $283,117 of the amount that Ms. Westmiller received in settlement of the Lawsuit.

deduct $56,762 as a miscellaneous itemized deduction subject to the 2-percent floor of section 67. Respondent concedes that the $56,762 amount should be increased to $57,702, to reflect the amount retained by Ms. Westmiller's attorneys.

## Discussion

The instant case requires the Court to revisit the taxability of proceeds received by a claimant who was a member of the class of plaintiffs in Kraszewski v. State Farm Gen. Ins. Co., supra. In each of our prior cases, we held that none of the proceeds were excludable from the petitioning taxpayer's gross income. See Reiher v. Commissioner, T.C. Memo. 1998-75; Easter v. Commissioner, T.C. Memo. 1998-8; Brewer v. Commissioner, T.C. Memo. 1997-542; Gillette v. Commissioner, T.C. Memo. 1997-301; Hayes v. Commissioner, T.C. Memo. 1997-213; Hardin v. Commissioner, T.C. Memo. 1997-202; Raney v. Commissioner, T.C. Memo. 1997-200; Clark v. Commissioner, T.C. Memo. 1997-156; Berst v. Commissioner, T.C. Memo. 1997-137; Martinez v. Commissioner, T.C. Memo. 1997-126; Fredrickson v. Commissioner, T.C. Memo. 1997-125. We hold similarly today. Petitioners have presented no new arguments which would change our view on the instant issue, and we continue to adhere to our view as espoused in those memorandum opinions for the reasons stated therein.[2]

---

[2] Petitioners ask the Court to allow them to recognize one-sixteenth of this income in each year from 1977 to 1992
(continued...)

We sustain respondent's determination on this issue, as adjusted by the concession mentioned above.  In so doing, we have considered each argument made by petitioners for a contrary holding, and, to the extent not addressed above, find those arguments to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[2](...continued)
because the settlement served to compensate Ms. Westmiller for each of those years.  We decline to do so.  Suffice it to say that petitioners are cash method taxpayers, and that the cash method requires that they recognize all the income in 1992. See sec. 1.451-1(a), Income Tax Regs.